```
                   IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION


UNITED STATES OF AMERICA,         §
                                  §
         Plaintiff,               §
                                  §
VS.                               §   NO. 4:05-CV-704-A
                                  §
MARCUS CALHOUN MARSDEN,           §
                                  §
         Defendant,               §
                                  §
ABILITY RESOURCES, INC.,          §
                                  §
         Garnishee.               §
```

MEMORANDUM OPINION
and
ORDER

I.

Events that Led to the Need for This
Memorandum Opinion

This action was instituted by United States of America, as plaintiff, to garnish wages, if any, owed by Ability Resources, Inc., garnishee, ("Ability") to defendant, Marcus Calhoun Marsden, ("Mr. Marsden") or his wife, Suzanne C. Marsden, ("Mrs. Marsden"). For reasons discussed under this heading, the court has been forced to spend an inordinate amount of time on what should have been a rather plain-vanilla garnishment action.

By an order signed January 10, 2006, the court summarized difficulties encountered with this action to that point in time, and suggested that surely the "interested parties [could meet] and resolve whatever issues are in dispute, and thereby bring this matter to a conclusion before it gets further out of hand." Jan. 10, 2006, Order at 4. By the January 10 order, the court

required the parties to meet in the court's alternate jury room on January 17 for the purpose of discussing an agreed settlement. The parties reported to the courtroom for a hearing about two hours after the meeting started and announced in open court that a settlement had not been reached. Present were attorneys for plaintiff; Mr. and Mrs. Marsden; Daniel Cleveland ("Cleveland"), an attorney representing the Marsdens; and Jesse Seawell ("Seawell"), an official of Ability with authority to speak and agree on its behalf. The court was advised near the end of the hearing that during the hearing an agreement had been reached between plaintiff, the Marsdens, and Ability on matters in dispute, and that all that remained was for plaintiff to present to the court a form of judgment consistent with the agreement for the court's signature.[1]

---

[1] After the January 17 hearing had been in progress for some period of time, Cleveland announced to the court that if he "could have a few minutes to talk to [his] clients, we might be able to resolve this fairly quickly." Tr. of Jan. 17, 2006, hearing (draft) at 23. After conferring with his clients and counsel for plaintiff, Cleveland made the following representations to the court:

> MR. CLEVELAND: Your Honor, we believe that you've heard all the arguments and evidence that we really had any question about, having resolved in your guidance, and this matter has convinced us it would not be to our benefit to proceed any further at this time.
>
> THE COURT: Okay. And you're going to concede that the government has the right to garnish her wages.
>
> MR. CLEVELAND: That's correct, Your Honor.
>
> THE COURT: And it would be 25 percent of her disposable earnings.
>
> MR. CLEVELAND: That's correct, Your Honor.
>
> THE COURT: And the disposable earnings are her
>
> (continued...)

On January 24 the court received from counsel for plaintiff a proposed order and a proposed final judgment, accompanied by a letter from the attorney saying that "[d]uring the hearing, the United States was unable to reach any agreement with regard to this case with Mr. Cleveland, as representative for Mr. and Mrs. Marsden."[2] Thus, on January 24 the court found this case to be basically in the same condition it was in when the court ordered the parties to meet on January 17 in an attempt to resolve disputed issues.

The court had a telephone conference/hearing with counsel for plaintiff and Cleveland on January 25 to the end of understanding the areas of dispute then existing. As the court understood things said by Cleveland at that time, his clients were contending that the garnishment was not continuing in nature as to Mrs. Marsden's earnings but if the court were to conclude that it was the Marsdens would not disapprove of the proposed final judgment counsel for plaintiff had submitted to the court on January 24. That proposed judgment treated Mrs. Marsden's earnings as property subject to garnishment for payment on the

---

[1](...continued)
gross wages less FICA deductions and withholding deductions.

       MR. CLEVELAND:  That's correct.  I mean, that's our understanding of the law, Your Honor, as it's been discussed today.

Id. at 26-27.

[2]Copies of the letter, proposed order, and proposed judgment are in the record as attachments to the order the court signed in this action on January 25, 2006.

3

restitution judgment. The court ordered the parties to submit legal memoranda on the issue of the continuing nature of the garnishment.

On January 27 plaintiff filed her post-hearing brief, and accompanying appendix. On January 31 Cleveland filed a memorandum in Mrs. Marsden's name. It went beyond the issue of whether the garnishment as to her wages is continuing in nature. As the court reads the memorandum, Mrs. Marsden now takes the position that none of her wages is subject to garnishment for the indebtedness owed by Mr. Marsden.[3]

The morning of February 3, 2006, Cleveland filed a document titled "Memorandum of Law of Defendant and Suzanne C. Marsden," along with an accompanying appendix, urging as a theory why Mrs. Marsden's earnings should not be subject to garnishment that Mrs. Marsden is not a "debtor" as that word is defined in 28 U.S.C. § 3002(4). The Marsdens cited Texas case law that a spouse is not personally liable for the torts of the other spouse. Also, they rely on the provisions of section 3.201 of the Texas Family Code for the proposition that, generally speaking, a spouse is not personally liable for the acts of the other spouse. They go

---

[3]On page 4 of the memorandum, Mrs. Marsden, through Cleveland, expresses the contention that "[t]he plain language of the garnishment statute clearly contemplates that the wage garnishment will be against the judgment debtor, and not the spouse of the judgment debtor who was not involved in the civil or criminal matter that led to the creation of the judgment debt to begin with."

4

on to argue that there is no exception in this case to that general rule of non-liability.[4]

Because of the elusive and contradictory nature of the contentions, representations, and agreements of the Marsdens, acting through Cleveland, the court has concluded that the issues in this case as between plaintiff, on the one hand, and the Marsdens, on the other, must be resolved on the assumption that there is no agreement between those parties as to any dispositive legal issue in this case.[5]  Thus, this Memorandum Opinion.

## II.

### Procedural History

The application for writ of garnishment was filed by plaintiff on November 7, 2005, pursuant to the authority of 18 U.S.C. § 3613[6] and 28 U.S.C. § 3205.[7]  Plaintiff requested

---

[4] In their February 3 filing, the Marsdens resurrected an argument they made at the January 17 hearing based on 28 U.S.C. § 3013, which the court understood they had abandoned. The argument is that the court should exercise some kind of discretion in favor of the Marsdens based on the authority of § 3013. The court is not persuaded that § 3013 gives the court the right to exercise the kind of discretion urged by the Marsdens; and, even if broad discretion of that kind were given to the court by § 3013, nothing has been presented to the court to cause it to conclude that the discretion should be exercised in favor of the Marsdens in this action. The court sees no need to deal further with this argument, and declines to do so.

[5] However, the court has accepted, and relies on, certain agreements the parties have reached as to relevant facts.

[6] Title 18 U.S.C. § 3613 gives United States of America the right to enforce collection of a judgment ordering restitution.

[7] Section 3205(a) of title 28 is a part of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, which is a series of statutory provisions defining the post-judgment remedies United States of America has to enforce collection of judgments.

issuance of a writ of garnishment upon the property of Mr. Marsden, as a judgment debtor[8] of plaintiff, and Mrs. Marsden, as his community-property spouse.  Ability was named as the garnishee.  Though unusually worded, the application discloses that its goal was to gain issuance of a writ of garnishment directed to Ability for the purpose of garnishing earnings in which Mr. Marsden has a substantial non-exempt interest, including the earnings of his wife.

The requested writ of garnishment was issued and served as contemplated by 28 U.S.C. § 3205(c)(3).  Notice as contemplated by 28 U.S.C. § 3202 was issued and served on Mrs. and Mrs. Marsden.  On December 6, 2005, Mr. Marsden filed a document titled "Claim for Exemption Form" in which he indicated that certain items of property were exempt from the garnishment sought by the government, none of which had any relevance to the writ of garnishment issued in this case.  On that same date Mr. Marsden filed a copy of the statutory notice that had been served on him on which he had made a notation that he was requesting a hearing pursuant to 28 U.S.C. § 3202(d).  The court did not schedule a hearing because of the lack of relevance to this proceeding of the exemptions Mr. Marsden claimed.  On December 20, 2005, plaintiff filed an objection to Mr. Marsden's claim for

---

[8]The court judicially knows that the judgment in question, as amended, was signed by the court in No. 4:98-CR-136-Y on January 4, 1999.  It ordered Mr. Marsden to pay restitution for the benefit of the victims of his criminally fraudulent conduct, the conviction and sentence for which are reflected by that judgment.

6

exemptions and his demand for hearing, pointing out that they were not relevant to this garnishment action.

On December 20 Mr. Marsden filed documents seeking appointment of counsel and requesting authorization to proceed in this action <u>in forma pauperis</u>. Those requests were denied by order signed December 21. On December 23 the court signed an order declaring that this garnishment action does not have any effect on any of the items of property listed by Mr. Marsden on the Claim for Exemption Form he filed on December 6, and that there is no need for a hearing on that subject. The court also noted that Ability apparently had failed timely to file an answer, and ordered that plaintiff inform the court by a document filed by January 6, 2006, of the action she planned to take to bring this proceeding to a conclusion.

Plaintiff filed on December 30 a motion for entry of order and final judgment of garnishment. Allegations made in that motion indicated that Ability had filed two answers, stating in one that it owed Mr. Marsden $100.00 for earnings as a contractor for Ability, and in the other that Mrs. Marsden's biweekly earnings from Ability are $1,592.31, less deductions for FICA and federal income tax. At the time the court received the motion, the court had not received any answer from Ability. On January 9, 2006, Ability filed two documents over the signature of Seawell. Each was titled "Draft Answer of the Garnishee Attached to Plaintiff's Instructions to the Garnishee on Submitting Answer Under 28 U.S.C. § 3205(4) & (5) with Service of Issued of Writ of

7

Garnishment."  One said that Ability employed Mr. Marsden as a contract laborer, doing lawn care seasonally, for $100.00.  The other, when read literally, said that Ability employed Mr. Marsden, that Mr. Marsden earned $1,592.31 biweekly, that Ability paid him $1,308.50 biweekly, after deducting federal income tax of $162.00 and FICA tax of $121.81, and that the biweekly wage payments would continue into the future.

In late December 2005 and early January 2006 Mrs. Marsden, acting pro se, filed three somewhat nonsensical documents.  The court has not taken action in response to any of those documents, except to sign on December 28, 2005, an order striking and unfiling the first one and to discuss the filings in the order the court signed January 10, 2006.

At the hearing held January 17 the parties were in agreement that the document filed over Seawell's signature on January 9 that made reference to biweekly earnings of $1,592.31 actually had reference to earnings by Mrs. Marsden.  The court was informed at that hearing that Ability continued to make the biweekly payments to Mrs. Marsden after receiving the writ of garnishment, and had an understanding with her that if Ability were to be required to make payment to plaintiff of amounts they had already paid to her, Mrs. Marsden would reimburse Ability for the total amount it was required to pay.  There seemed to be an understanding between plaintiff and Ability, through Seawell, that, if the judgment of the court is that the writ of garnishment attaches to Mrs. Marsden's wages, Ability would pay

8

to plaintiff all amounts it should have withheld by virtue of the writ of garnishment.

After receiving and reviewing the documents filed the morning of February 3, 2006, by Cleveland on behalf of the Marsdens, supra at 5, the court had a telephone conference/hearing with counsel for plaintiff, Cleveland, and Seawell on the line. The court was told by counsel for plaintiff and Cleveland that no further hearing would be required and that the matter could be decided on the basis of the record as it now exists and facts to which the parties have agreed on the record. During the telephone conference/hearing plaintiff and the Marsdens, through their respective counsel, agreed to the following facts, which the court finds to be relevant to this case:

(1) The Marsdens are married to each other, and their marriage occurred before Mr. Marsden engaged in the criminally fraudulent conduct that resulted in his obligation to make the restitution payments that are evidenced by the judgment in No. 4:98-CR-136-Y, which is the judgment to which the application for writ of garnishment and the other garnishment papers in this action refer.

(2) The original principal amount of the judgment of restitution in No. 4:98-CR-136-Y was $535,009.67. When accrued interest is added, and credits for payment made are considered, the amount unpaid and owed on the judgment as of October 31, 2005, was $694,850.93.

9

(3) Mrs. Marsden's gross earnings as an employee of Ability during the months of November and December 2005 and January 2006 have been $1,592.31 biweekly, and the deductions required by law (federal income tax and F.I.C.A. tax) from those earnings biweekly total $283.81, resulting in disposable earnings biweekly of $1,308.50.

(4) Since Ability was served with the writ of garnishment in this action it has made biweekly earnings payments to Mrs. Marsden on November 18, 2005, December 2, 2005, December 16, 2005, December 30, 2005, January 13, 2006, and January 27, 2006. In each instance, the payment was $1,308.50. The total of the amounts that should have been withheld from those earnings payments pursuant to this garnishment action is $1,635.63. Ability has agreed to pay that amount to plaintiff if the garnishment is held by the court to be effective against Mrs. Marsden's earnings. Mrs. Marsden has agreed to reimburse Ability for that payment if Ability is required to make such a payment to plaintiff. Defendants agree, through Cleveland, that the order and judgment of the court in this action can direct Mrs. Marsden to make such a reimbursement payment.

III.

The Effect of the Writ of Garnishment

Section 3205(a) of title 28 provides, in pertinent part, as follows:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of

10

a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. . . . A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

The term "nonexempt disposable earnings" is explained by the following definitions found in 28 U.S.C. §§ 3002(5), (6), and (9):

    (5) "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld.

    (6) "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

    . . . .

    (9) "Nonexempt disposable earnings" means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act.

Under Texas law, earnings of a spouse during marriage are the community (co-owned) property of both spouses. Tex. Fam. Code § 3.002. All community property is subject to the tortious liability of either spouse incurred during marriage. Id. § 3.202(d).

The foregoing statutory provisions lead to the conclusion that Mrs. Marsden's personal earnings are subject to being applied as payment on the judgment of restitution against Mr. Marsden. The court is satisfied that the judgment requiring Mr. Marsden to make restitution to the victims of his criminally fraudulent conduct is tortious liability within the meaning of

11

section 3.202(d) of the Texas Family Code. See <u>United States v. Bach</u>, 172 F.3d 520, 523 (7th Cir. 1999). The Marsdens concede that Mr. Marsden's tortious liability evidenced by the judgment of restitution was incurred during the marriage of the Marsdens.

The Marsdens miss the point when they argue that the garnishment cannot extend to her earnings because under Texas law Mrs. Marsden does not have personal liability for payment of the judgment. Rather, the issue is whether her wages as community property of the Marsdens (property co-owned by Mr. and Mrs. Marsden) is subject to being applied through garnishment as payment on the judgment. The statutes make quite clear that the garnishment extends to the community (co-owned) property.

Section 3205(a) of title 28 authorizes the issuance of a writ of garnishment against nonexempt disposable earnings in which the debtor has a substantial nonexempt interest. Mr. Marsden has a community property interest in his wife's earnings. Section 3205(a) says that a court may issue a writ of garnishment against "property." The word "Property" is defined in the act to include community property. 28 U.S.C. § 3002(12). Section 3010(a) is specific that the remedies available to plaintiff under the Act "may be enforced against property which is co-owned by a debtor and any other person . . . to the extent allowed by the law of the State where the property is located." As previously noted, Texas law authorizes resort to community property (co-owned property) for the payment to tortious liability of either spouse. Tex. Fam. Code § 3.202(d). Clearly,

12

Mr. Marsden has a substantial nonexempt interest in the community property earnings of Mrs. Marsden, an interest that falls squarely within the first sentence of § 3205(a).

The only legal issue remaining to be discussed is whether the garnishment is of a continuing nature. In the memorandum Cleveland filed for Mrs. Marsden on January 31, the statement was made that "[d]efendant Marcus C. Marsden does not dispute that the garnishment action under 28 U.S.C. § 3205 is a continuing obligation against his wages." Jan. 31, 2006, Mem. at 3. The Marsdens are quire correct to concede that point. Provisions of the Federal Debt Collection Procedures Act of 1990 ("Act"), 28 U.S.C. §§ 3001-3308, clearly express the congressional intent that a garnishment under the Act is continuing in nature. As noted above, the part of the Act authorizing the issuance of a writ of garnishment against nonexempt disposable earnings expressly states that "[a] writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10)."[9] 28 U.S.C. § 3205(a). A

---

[9]Section 3205(c)(10) reads as follows:

    A garnishment under this chapter is terminated only by--

        (A) a court order quashing the writ of garnishment;

        (B) exhaustion of property in the possesion [sic], custody, or control of the garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or reemploys the judgment debtor within 90 days after
(continued...)

complimentary provision is found in the definition of "Garnishee," which reads as follows:

> "Garnishee" means a person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, <u>including any obligation</u> due the debtor or <u>to become due the debtor</u>, and against whom a garnishment under section 3104 or 3205 is issued by a court.

28 U.S.C. § 3002(7) (emphasis added). Also persuasive is the language in § 3205(c)(4)(D) that the garnishee shall state in its written answer, <u>inter alia</u>, "the amount of the debt the garnishee anticipates owing to the judgment debtor in the future and whether the period for payment will be weekly or another specified period." The language of § 3205(c)(10)(B), though not as clearly worded as might be desired, conveys the message that Congress intended that earnings in which the debtor has a substantial nonexempt interest will continue to be subject to the writ of garnishment so long as there is not more than a ninety-day interruption in employment.

The wording of the pertinent provisions of the Act make clear that the post-judgment garnishment authorized by the Act can extend to wages, and that a wage garnishment is continuing, subject only to the termination provisions of § 3205(c)(10). Mrs. Marsden's community property earnings are no different from

---

⁹(...continued)
     the judgment debtor's dismissal or resignation; or

        (C) satisfaction of the debt with respect to which the writ is issued.

(footnote omitted).

14

Mr. Marsden's community property earnings when it comes to a garnishment to satisfy tortious liability incurred by one of the spouses during their marriage.

Having concluded that the garnishment extends to Mrs. Marsden's earnings, and that it is continuing in nature, the court is so ordering.

IV.

Additional Findings and Conclusions

Supplementing the findings and conclusions expressed in other parts of this Memorandum Opinion, the court finds and concludes as follows:

(1) Ability currently has custody, control or possession of earnings in which defendant Mr. Marsden and his community property spouse, Mrs. Marsden, each has a substantial nonexempt interest.

(2) Plaintiff is entitled to collect through the judgment for restitution rendered in criminal case no. 4:98-CR-136-Y at least $694,850.93, which is the amount owed by way of principal and interest as of October 31, 2005, on the judgment, which was in the original amount of $535,009.67.

(3) The earnings of Mrs. Marsden are community property and are subject to continuing garnishment. The amount of Mrs. Marden's earnings that are subject to garnishment each pay period is 25 percent of $1,308.50, or $327.13. When in the future Mrs. Marsden's disposable earnings differ from the amount stated by Ability in its answer, those disposable earnings shall

15

be the basis for calculating payments by Ability to plaintiff. Each pay period, Ability should withhold and retain 25 percent of the disposable earnings (gross earnings minus F.I.C.A. and federal income tax) of Mrs. Marsden, and make payment to plaintiff, through the Clerk, on the 1st and 15th day of each month.

    (4)  Disposable earnings are "that part of earnings remaining after all deductions required by law have been withheld."  See 28 U.S.C. § 3002(5).  Section 1673 of title 15 and § 3002(9) of title 28 set a maximum reach for a garnishment at 25 percent of disposable earnings.

    (5)  The current gross monthly earnings of Mr. Marsden from Ability for contract labor are $100.00, which varies seasonally.  No deductions are currently withheld by Ability from those earnings.  When the writ of garnishment was served, Ability owed Mr. Marsden $100.00.

    (6)  Ability does not have custody, control, or possession of any property in which Mr. Marsden has a substantial nonexempt interest other than that mentioned above.

V.

Order

  Consistent with the foregoing,

  The court ORDERS Ability to pay $1,635.63 to plaintiff by February 17, 2006, in satisfaction of Ability's obligation to plaintiff related to earnings payments Ability made to Mrs. Marsden after Ability was served with the writ of garnishment.

The court further ORDERS Mrs. Marsden to reimburse Ability by February 24, 2006, for the $1,635.63 payment Ability is to make to plaintiff pursuant to the foregoing part of this order.

The court further ORDERS that from this point forward Ability pay to plaintiff biweekly, on the 1st and 15th days of each month, 25 percent of all earnings of Mrs. Marsden, after deductions for federal income tax and F.I.C.A.

The court further ORDERS that this order shall continue in effect as to Mrs. Marsden's earnings from Ability unless and until terminated in a manner contemplated by 28 U.S.C. § 3205(c)(1).

The court further ORDERS that Ability pay to plaintiff 25 percent of the $100.00 ($25.00) Ability owed Mr. Marsden when the writ of garnishment was served.

The court further ORDERS that the payments to be made by plaintiff pursuant to this order are to be applied by plaintiff upon the judgment rendered in criminal case No. 4:98-CR-136-Y in the original amount of $535,009.67.

The court further ORDERS that all payments to be made by Ability pursuant to this order be paid by certified check or money order payable to "United States of America" and bearing both this cause number (4:05-CV-704-A) and the criminal case number (4:98-CR-136-Y), and be delivered to the clerk of the United States District Court for the Northern District of Texas, 501 W. 10th Street, Room 310, Fort Worth, Texas 76102-3672.

The court further ORDERS that, except as to the payments required to be made by this order and except as to the future earnings of Mrs. Marsden, the writ of garnishment served in this action on Ability be, and is hereby, terminated.

The court further ORDERS that Ability be, and is hereby, relieved of any liability to Mr. or Mrs. Marsden as to any obligation it otherwise would have to either of them as to any of the payments it makes pursuant to this order.

The court further ORDERS that the clerk of this court be, and is hereby, directed to mail copies of this order and of the final judgment in this garnishment action to the following:

> Megan J. Fahey
> Assistant United States Attorney
> Burnett Plaza Suite 1700
> 801 Cherry Street Unit 4
> Fort Worth, Texas 76102-6882
>
> Jesse Q. Seawell IV, Registered Agent
> Ability Resources Inc.
> 6040 Camp Bowie Blvd., Suite 31
> Fort Worth, TX 76116-5602
>
> Marcus Calhoun Marsden
> 501 McFarland Ranch Road
> Aledo, TX 76008
>
> Suzanne C. Marsden
> 501 McFarland Ranch Road
> Aledo, TX 76008

SIGNED February __6__, 2006.

                                         /s/ John McBryde
                                         JOHN McBRYDE
                                         United States District Judge